**SAN DIEGO UNIFIED PORT DISTRICT**
**DUANE E. BENNETT, ESQ. (110202)**
**PORT ATTORNEY**
**WILLIAM D. McMINN, ESQ. (211002)**
**DEPUTY PORT ATTORNEY**
**P.O. Box 120488**
**San Diego, CA 92112-0488**
**Phone: (619) 686-6219**
**Fax: (619) 686-6444**

Attorney for Defendant,
SAN DIEGO UNIFIED PORT DISTRICT, erroneously sued herein as PORT OF SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVIN HENNINGTON, JR.,<br><br>Plaintiff,<br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, PORT OF SAN DIEGO and U.S. CUSTOMS,<br><br>Defendants. | Case No. 08 CV 0221 JAH (LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS [FRCP 12 (b)(6)]**<br><br>DATE: April 3, 2008<br>TIME: 8:30 a.m.<br>COURTROOM: G<br>HONORABLE: LEO S. PAPAS<br><br>**NO APPEARANCES** |

Defendant, SAN DIEGO UNIFIED PORT DISTRICT (District), respectfully submits the following memorandum of points and authorities in support of its motion to dismiss.

/ / /

/ / /

/ / /

/ / /

**INTRODUCTION/STATEMENT OF FACTS**

On January 8, 2008, plaintiff served a Complaint on Defendant that sought relief in the Superior Court of the State of California. The District timely filed and served on Plaintiff a demurer in Superior Court for failure to state facts sufficient to constitute a cause of action against the District. On February 5, 2008, the action was removed to the United States District Court for the Southern District of California. On February 6, 2008, the District was provided notice of the removal. As a result, District now files a motion to dismiss because plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff alleged that, he was injured by the San Diego Police Department, U.S. Customs, and the Port of San Diego and has suffered wage loss, general damage, property damage, loss of earning capacity, punitive damages, and compensatory damages in the amount of Ten Million Dollars ($10,000,000), because of Defendant's General Negligence; 2) Defamation of Charactor (sic); 3) Slander; 4) Harrassment (sic); 5) Mental Anguish; (6) Racial Profiling; 7) Violation of Adult With Disabilities Act 29 and 70 1 NT, EON 13078, 13172.

Plaintiff provides an additional page with the complaint. However, it is not clear what plaintiff is attempting to say in that additional page. Plaintiff provides no facts related to the circumstances surrounding his Complaint nor does he provide the date he was allegedly injured.

No facts were alleged.

**POINTS AND AUTHORITIES**

**AND ARGUMENT**

**I.**

**THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

> "Every defense . . . to claim for relief . . . shall be asserted in the responsive pleadings thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: 1) lack of jurisdiction over the subject matter; 2) lack of

/ / /

/ / /

> jurisdiction over the person; 3) improper venue; 4) insufficiency of process; 5) insufficiency of service of process; 6) failure to state a claim upon which relief can be granted; and 7) failure to join a party under Rule 19."

Fed. Rule Civ. Proc. 12(b).

"A motion to dismiss for failure to state a claim . . . performs substantially the same function as the old common law demurrer." Conley v. Gibson (1957) 355 U.S. 41, 45-46. The word "claim" means the aggregate of operative facts, which give rise to a right enforceable in the courts, or refers to a set of facts giving rise to one or more legal rights. Goldstein v. North Jersey Trust Co., D.C.N.Y 196, 39 F.R.D. 363.

Dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept. (9th Cir. 1990) 901 F2d 696, 699.

Here, plaintiff has failed to state a claim upon which relief can be granted because plaintiff's entire complaint is devoid of any facts which if plead could constitute a claim against the District.

## CONCLUSION

The District respectfully requests that the complaint be dismissed in its entirety because plaintiff's entire complaint rests on unsubstantiated conclusions, with no sufficient factual basis.

Respectfully submitted,

Dated: February 21, 2008

SAN DIEGO UNIFIED PORT DISTRICT
DUANE E. BENNETT
PORT ATTORNEY

By: s/ William D. McMinn

WILLIAM D. McMINN
Deputy Port Attorney
Attorneys for Defendant
SAN DIEGO UNIFIED PORT DISTRICT
bmcminn@portofsandiego.org

***Hennington v. San Diego Police Department, et al.***
**Case No. 08 CV 0221 JAH (LSP)**

## CERTIFICATE OF SERVICE

The following document(s) are associated with this transaction:

**DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT**

**Notice will be electronically mailed to:**

Christopher B Latham
United States Attorney's Office
880 Front Street
Suite 6293
San Diego, CA 92101
(619)557-7147
Fax: (619)557-7122
Email: Christopher.Latham@usdoj.gov

**Notice will be delivered by other means to:**

Alvin Hennington, Jr.
5170 Clairmont Mesa Blvd., Unit 4
San Diego, CA 92117
(858) 232-5006
Plaintiff In Pro Per

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of February 2008, at San Diego, California.

By: s/William D. McMinn
E-mail: wmcminn@portofsandiego.org