KAREN P. HEWITT
United States Attorney
CHRISTOPHER B. LATHAM
Assistant U.S. Attorney
California State Bar No. 160515
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7147
Email: Christopher.Latham@usdoj.gov

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN HENNINGTON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, PORT OF SAN DIEGO and U.S. CUSTOMS,<br><br>Defendants | Case No. 08cv0221 JAH (LSP)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS<br><br>DATE: May 19, 2008<br>TIME: 2:30 p.m.<br>CTRM: 11<br>JUDGE: Hon. John A. Houston<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

I

INTRODUCTION

This is an action alleging tort claims against U.S. Customs and Border Protection ("CBP" or "Defendant") and other defendants. Plaintiff's suit, initially brought in the Superior Court of California, was removed to district court on February 5, 2008. Pursuant to the Court's February 7, 2008 Order, the United States and CBP were allowed until April 4, 2008 to answer or otherwise plead to Plaintiff's Complaint.

As detailed herein, Defendant respectfully moves the Court to dismiss Plaintiff's Complaint for the following reasons:

First, the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure (the "Federal Rules"). Plaintiff not only fails to provide any jurisdictional

grounds for his action, but most significantly, fails to provide Defendant with a short and plain statement of the claim showing that Plaintiff is entitled to relief. Second, Plaintiff does not establish that he complied with the Federal Tort Claims Act's administrative claims requirements. Finally, Plaintiff has improperly named CBP as a defendant. The Complaint should therefore be dismissed under Rules 8 and 12(b)(1) and (6) of the Federal Rules.

## II

## ARGUMENT

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES

Rule 8 of the Federal Rules sets forth the general requirements for pleading. It provides, in pertinent part, as follows: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Another section of the same rule further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The purpose of Rule 8(a) and (d) is to give fair notice of the claim asserted and permit the adverse party the opportunity to file a responsive answer and prepare an adequate defense. Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977). In addition, the rule serves to sharpen the issues to be litigated and to confine discovery within reasonable grounds. Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

The Federal Rules' pleading requirements are quite liberal especially when, as here, a pro se plaintiff is involved. Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff's status as a self-represented litigant, however, does not excuse him from complying with those requirements. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). There is a limit to the law's lenity, and even a pro se complaint is subject to dismissal if the pleading is deficient. King v. Atiyeh, 814 F.2d at 567; United States ex rel. Dattola v. Nat'l Treasury Employees Union, 86 F.R.D. 496, 499 (W.D. Pa. 1980).

Courts have readily dismissed actions where the complaint: was "confusing, ambiguous, [and] redundant" (Wallach v. City of Pagedale, 359 F.2d 57, 58 (8th Cir. 1966)); was "so verbose, confused

and redundant that its true substance, if any, is well disguised" (Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965) (per curiam)); contained "a completely unintelligible statement of argumentative fact" (Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968)); or was "a meandering, disorganized, prolix narrative" (Karlinsky v. New York Racing Ass'n, 310 F. Supp. 937, 939 (S.D.N.Y. 1970)).

In the present case, the Complaint patently violates Rule 8(a) and (d) because there is no "short and plain" nor "concise" statement of Plaintiff's claims. Rather, the pleading is presented on a Judicial Council of California standard tort complaint form, and in pertinent part states[1/]:

> Americans with Disabilities Act of 1990 (ADA)[2/] short title, see 42 USCA § 12101 note Pub. L. 101-336, July 26, 1990, 104 Stat. 327 (29 § 706; 42 §§ 12101, 12101 Note 12102, 12111, 12111, note 12112 to 12117, 12131, Note, 12132 to 12134, 12141, 12141 Note, 12142 to 12150, 12161, 12161 Note, 12162 to 12165, 12181, 12181 Note, 12182 to 12189, 12201 to 12213; 47 §§ 152, 221, 225, 611) Pub. L. 102-166, title 1 § 109 (a), (b)(2), Title III § 315, Nov. 21, 1991, 105 Stat. 1077 Adults with Disabilities 29 § 701 NT, Eon 13078 13172 Privacy Protection Cival liberties Protection officer, 50 § 403-3d Privacy Protection act of 1980 42 USCA § 200aa Note Pub. L. 96-440, Oct. 13, 1980, 94 Stat. 1879 (42 § 2000aa, 2000aa-5 to 2000aa-7, 2000aa11, 2000aa12) Pub. L. 104-208, Div. A, Title 1 and 101(a) Title I, § 121 subsection 6] Sept. 30, 1996, 110 Stat. 3009-30 [42 § 2000aa] Postal Service [Title 39] Pub. L. 86-682 § 1, Sept. 2, 1960, 74 Stat. 578, as Revised and Reenacted by Pub. L. 91-375, § 2, Aug. 12, 1970, 84 Stat. 719 (39 and 101 et seq.] Process, interception of wire, oral or electronic comunications 50 and 1806 Racial Profiling Highways and roads, Law Enforcement, Prohibiting, Grants 23 § 402 nt. (18 § 245] ⇒ Hate Crime

---

[1/] Defendant has attempted to copy the wording, capitalization and punctuation of Plaintiff's Complaint as accurately as possible, without separately marking each typographic irregularity that appears there.

[2/] Plaintiff has not alleged that he has ever been an employee of the United States or its agencies. Even if he had, the United States is not a covered entity under the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12111(2) and 12111(5)(B)(i). Accordingly, the United States and its agencies are not liable to suit under the ADA. Whaley v. United States, 82 F. Supp. 2d 1060, 1061 (D. Neb. 2000).

Complaint at "Additional Page." This unintelligible list of statutory citations offers no factual allegations and does nothing to elucidate Plaintiff's claims.

The observations of the Brown v. Califano court about the pro se plaintiff's pleadings before it apply equally well to this case:

> The pleading filed by the plaintiff in this case is indeed a confusing and rambling narrative of charges and conclusions. . . . The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated. . . . It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F. R. Civ. P. 8(a).

Brown v. Califano, 75 F.R.D. at 499.

Answering Plaintiff's Complaint in its present form would be difficult if not impossible. Plaintiff should be required to formulate a pleading that complies with Rule 8 and to which Defendant can reasonably respond. It would hinder justice to require Defendant to answer this complaint and be subject to discovery when the Plaintiff refuses to present his claims in an orderly fashion. See Vance v. American Society of Composers, 271 F.2d 204, 207 (8th Cir. 1959).

B. PLAINTIFF'S TORT CLAIM IS BARRED BY PRINCIPLES OF SOVEREIGN IMMUNITY BECAUSE HE DOES NOT ESTABLISH THAT HE SUBMITTED A JURISDICTIONALLY REQUIRED ADMINISTRATIVE CLAIM BEFORE FILING HIS COMPLAINT

1. Under Principles of Sovereign Immunity, the Extent to which the Federal Government Can Be Sued in Tort Is Limited by the Federal Tort Claims Act

The United States, as sovereign, is immune from suit except to the extent that it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 398 (1976); Reed ex rel. Allen v. United States Dep't of the Interior, 231 F.3d 501, 504 (9th Cir. 2000). The terms of the sovereign's consent narrowly define a court's jurisdiction, United States v. Sherwood, 312 U.S. 584, 586 (1941), and any waiver of immunity must be unequivocally expressed:

> The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.

Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, constitutes a partial waiver of sovereign immunity for some tort claims asserted against the United States. Any such tort suit must

be brought in strict compliance with the FTCA's provisions, which specify the terms, conditions and extent of this limited sovereign immunity waiver. Lehner v. United States, 685 F.2d 1187, 1189 (9th Cir. 1982); Caidin v. United States, 564 F.2d 284, 286 (9th Cir. 1977). Thus, the FTCA's specific terms limit a federal court's jurisdiction to entertain an action under that Act. Warren v. United States Dep't of the Interior B.L.M., 724 F.2d 776, 777 (9th Cir. 1984).

As a waiver of sovereign immunity, the FTCA must be strictly construed in the United States' favor. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). See also United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992). (Immunity waivers must be construed strictly in the sovereign's favor and may not be enlarged beyond what the enabling statute's language requires.) No liability attaches under the FTCA except where expressly authorized by Congress, and a plaintiff must demonstrate an unequivocal waiver of immunity. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 ( 9th Cir. 1983); see also Blue v. Widnall, 162 F.3d 541, 544 (9th Cir. 1998).

2. Before a District Court Complaint Can Be Filed under the FTCA, a Plaintiff Must First File an Administrative Claim with the Cognizant Agency

A basic jurisdictional requirement for maintaining a tort suit against the federal government under the FTCA is that a party must first file an administrative claim with the cognizant agency seeking a sum certain in damages. 28 U.S.C. § 2675. If such a claim has not been filed, a district court has no subject matter jurisdiction to hear the case.

A failure to file a valid administrative claim divests a district court of jurisdiction to hear a party's claim. See Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992); Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985); Avila v. I.N.S., 731 F.2d 616, 618 (9th Cir. 1984); Holloman v. Watt, 708 F.2d 1399, 1402 (9th Cir. 1983). "Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction." Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983). "This claim requirement is jurisdictional in nature and may not be waived." Spawr v. United States, 796 F.2d 279, 280 (9th Cir. 1986). Section 2675(a)'s requirements are "strictly adhered to." Jerves v. United States, 966 F.2d at 521.

Moreover, a plaintiff seeking to invoke the court's jurisdiction must affirmatively allege that he has timely filed an administrative claim. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). See also Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). Without this factual predicate for the court's jurisdiction, the complaint is subject to dismissal. Id. In the present case, Plaintiff has failed to allege that he filed an administrative claim with the appropriate federal agency before bringing suit in district court. Accordingly, his Complaint must be dismissed, subject to amendment if the jurisdictional defect can be cured. Id.

C. PLAINTIFF HAS IMPROPERLY NAMED CBP AS A DEFENDANT

Plaintiff has named CBP[3/] rather than the United States as a defendant in this case. It is well established, however, that "the United States is the only proper party defendant in an FTCA action." Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998). It is equally well established that "federal agencies are not subject to suit eo nomine unless so authorized by Congress in explicit language." Shelton v. U.S. Customs Service, 565 F.2d 1140, 1141 (9th Cir. 1977). As the Ninth Circuit stated in FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998), "[a]lthough [FTCA] claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." Accordingly, CBP should be dismissed as a named Defendant.

III

CONCLUSION

For all of the foregoing reasons, the United States requests that the Court dismiss Plaintiff's action.

DATED: April 4, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Christopher B. Latham

CHRISTOPHER B. LATHAM
Assistant United States Attorney
Attorneys for the Federal Defendant

[3/] Referred to in the Complaint as "U.S. Customs."