UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALVIN HENNINGTON, JR.

Plaintiff,

v.

SAN DIEGO POLICE DEPARTMENT, et. al.,

Defendants.

Civil No.08cv0221 JAH (LSP)

**ORDER GRANTING DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S MOTION TO DISMISS [Doc. No. 7]**

Pending before the Court is Defendant San Diego United Port District's[1] motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b). Plaintiff failed to file an opposition or otherwise respond to the motion. The motion was set for hearing on April 7, 2008, but was taken under submission without oral argument.

Initially, the Court grants Defendant's motion to dismiss based on Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. See generally, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers).

Civil Local Rule 7.1.f.3.c expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a

[1]The Defendant was sued as Port of San Diego,

consent to the granting of that motion or other request for ruling by the court." Because Defendant's motion to dismiss was set for hearing on April 7, 2008, Local Rule 7.1.e.2 required Plaintiff to file an opposition no later than March 31, 2008. To date, Plaintiff has neither responded to the motion nor sought additional time to do so.

Prior to dismissal of an unopposed motion, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal). Where an unreasonable delay in the progression of the case occurs with no non-frivolous explanation from the plaintiff, prejudice to the defendants can be presumed and on that basis, the Court finds that the third factor weighs in favor of dismissal. Hernandez, 138 F.3d at 401.

The Court finds that dismissal is a proper means of managing its docket and that therefore the second factor is also met. As noted above, Plaintiff has made no attempt to respond to the motion or seek additional time to file an opposition. Plaintiff's failure to meet deadlines is disruptive to the Court.

Finally, with respect to whether less drastic measures have been considered, the Court has allowed Plaintiff every opportunity to continue to pursue this case, but he has failed to take advantage of the opportunity. As discussed below, Defendant presents a viable theory upon which this case should be dismissed. Nonetheless, in the interest of lessening the sanction imposed on Plaintiff, the Court will grant the motion to dismiss without prejudice.

The Court has also evaluated the substantive merits of Defendant's motion and

finds it well-supported in fact and law. Defendant argues Plaintiff's complaint is devoid of any facts constituting a claim against the San Diego Unified Port District, and therefore, the complaint should be dismissed for failure to state a claim . A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

In his complaint, Plaintiff asserts an action for negligence, defamation, slander, harassment, mental anguish, racial profiling, and violation of the Americans with Disabilities Act. Complaint at 3. He, however, sets forth no facts to support his claims. In fact, the complaint is completely devoid of any allegations. Plaintiff merely lists various statutes. The Court finds the complaint fails to state a claim against Defendant San Diego Unified Port District and should be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED Defendant San Diego Unified Port District's motion to dismiss is **GRANTED.**

DATED: May 15, 2008

JOHN A. HOUSTON
United States District Judge