UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN HENNINGTON, JR.<br>Plaintiff,<br>v.<br>SAN DIEGO POLICE DEPARTMENT, et. al.,<br>Defendants. | Civil No.08cv0221 JAH (LSP)<br>**ORDER GRANTING DEFENDANT UNITED STATES CUSTOMS AND BORDER PROTECTION'S MOTION TO DISMISS [Doc. No. 10]** |

Pending before the Court is Defendant United States Customs and Border Protection ("CBP") motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6). Plaintiff failed to file an opposition or otherwise respond to the motion. The motion was set for hearing on May 19, 2008, but was taken under submission without oral argument.

## I. Plaintiff's Failure to Respond

Initially, the Court grants Defendants' motion to dismiss based on Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. See generally, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers).

Civil Local Rule 7.1.f.3.c expressly provides that "[i]f an opposing party fails to file

the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other request for ruling by the court." Because Defendant's motion to dismiss was set for hearing on May 12, 2008, Local Rule 7.1.e.2 required Plaintiff to file an opposition no later than April 28, 2008. To date, Plaintiff has neither responded to the motion nor sought additional time to do so.

Prior to dismissal of an unopposed motion, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal). Where an unreasonable delay in the progression of the case occurs with no non-frivolous explanation from the plaintiff, prejudice to the defendants can be presumed and on that basis, the Court finds that the third factor weighs in favor of dismissal. Hernandez, 138 F.3d at 401.

The Court finds that dismissal is a proper means of managing its docket and that therefore the second factor is also met. As noted above, Plaintiff has made no attempt to respond to the motion or seek additional time to file an opposition. Plaintiff's failure to meet deadlines is disruptive to the Court.

Finally, with respect to whether less drastic measures have been considered, the Court has allowed Plaintiff every opportunity to continue to pursue this case, but he has failed to take advantage of the opportunity. As discussed below, Defendant presents viable theories upon which this case should be dismissed. Nonetheless, in the interest of lessening the sanction imposed on Plaintiff, the Court will grant the motion to dismiss without prejudice.

## II. Merits of the Motion

The Court has also evaluated the substantive merits of Defendant's motion and finds it well-supported in fact and law. Defendant argues the complaint patently violates Rule 8(a) and (d), because there is no short, plain and concise statement of Plaintiff's claims, Plaintiff's claim is barred by sovereign immunity, because he did not establish he submitted the jurisdictionally required administrative claim before filing his complaint, and Plaintiff has improperly named CBP as a defendant rather than the United States.

### A. Legal Standards

#### 1. Rule 8

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Similarly, Rule 8(d) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

#### 2. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publishing Co. v. General Telephone Corp., 594 F.2d 730, 733 (9th Cir.1979).

Defendant argues Plaintiff failed to meet the jurisdictional requirement for maintaining a tort claim against the federal government by filing an administrative claim. 28 U.S.C. § 2675(a) provides in relevant part that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall

have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." A plaintiff's filing of an administrative claim is jurisdictional, and must be adhered to strictly. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

**3. Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

**B. Analysis**

The Court has reviewed the complaint. Plaintiff asserts claims for negligence, defamation, slander, harassment, mental anguish, racial profiling, and violation of the Americans with Disabilities Act and lists various statutes in support of his claims. Complaint at 3. Plaintiff's complaint is completely devoid of any statement of his case and any allegations in support of his claims. As such, Plaintiff fails to meet the short, plain and concise standard of Rule 8 and fails to state a claim against CBP.[1] Furthermore, Plaintiff fails to demonstrate he filed an administrate claim as required.

//

//

---

[1]The Court also finds, to the extent Plaintiff is asserting a tort claim against CBP, CBP is not a proper defendant. The Federal Tort Claims Act ("FTCA") "is the exclusive remedy for tort actions against a federal agency" and the United States is the only proper defendant for claims arising under the FTCA. Kennedy v. U.S. Postal Serv., 145 F.3d 1077 (9th Cir. 1998).

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Defendant United States Customs and Border Protection's motion to dismiss is **GRANTED.**

DATED: May 15, 2008

JOHN A. HOUSTON
United States District Judge